IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER B.,[1]                        No. 3:14-cv-00789-HZ

         Plaintiff,                      ORDER

    v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

         Defendant.

HERNÁNDEZ, District Judge:

      Plaintiff brought this action seeking review of the Commissioner's final decision to deny Disability Insurance Benefits. On July 10, 2015, the Court affirmed the Commissioner's decision. On appeal, the Ninth Circuit affirmed in part and reversed in part, and remanded the case for further proceedings. Judgment was entered on July 2, 2020.

---

[1] In the interest of privacy, this order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - ORDER

Plaintiff now seeks an award of fees pursuant to 42 U.S.C. § 406(b). Defendant has no objection to the requested fees.[2] The Court has reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement with counsel, and the recitation of counsel's hours and services. Applying the standards set by *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), the Court finds the requested fees reasonable.

The Court grants the motion [31] and awards Plaintiff's counsel $34,222.42 in attorney's fees under 42 U.S.C. § 406(b).  Previously, the Court awarded Plaintiff attorney's fees in the amount of $16,649.90 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. When issuing the section 406(b) check for payment to Plaintiff's attorney, the Commissioner is therefore directed to subtract $16,649.90 and send Plaintiff's attorney the balance of $17,572.52 less any applicable processing fees as allowed by statute. Any amount withheld after all administrative and court attorney's fees are paid should be released to the claimant.

IT IS SO ORDERED.

Dated: _____June 13, 2020_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

[2] Defendant does, however, object to the use of the word "award." The Court notes that the Ninth Circuit uses this terminology. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) ("The fees awarded ranged from 6.68% to 11.61% of the past-due benefits awarded."). Other courts in this district have also determined that such terminology remains appropriate. *See* Order, *Brandon B. v. Saul*, Case No. 6:15-cv-1434-SI, ECF 34. The objection is therefore overruled.

2 - ORDER